UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALCHICO GRANT,

    Petitioner,

v.       CASE NO.:   5:24-cv-290-JLB-PRL

WARDEN, FCC COLEMAN - LOW,

    Respondent.
_____/

## OPINION AND ORDER

Pending before the Court is Petitioner Alchico Grant's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. 1).  Petitioner, an inmate at FCI Coleman Low, alleges the Federal Bureau of Prisons ("BOP") violated his due process rights during a disciplinary hearing.  In its response, Respondent asks the Court to deny the Petition because Petitioner received the due process required during his disciplinary proceedings.  (Doc. 7).  Petitioner was afforded an opportunity to reply, (Doc. 5), but failed to do so.[1]  For the reasons explained, the petition is denied.

### BACKGROUND

Petitioner was issued a disciplinary incident report for possession of a hazardous tool, in violation of BOP code 108.  (Doc. 7-1 at 9–11).  See also 28

---

[1] After the response was filed, Petitioner filed a Petition for Summary Judgment (Doc. 8), which the Court denied as moot (Doc. 9).  To the extent the paper can be construed to raise arguments as a reply, the Court has considered Petitioner's contentions but rejects them because Petitioner's disciplinary proceeding provided him the requisite due process.

C.F.R. § 541.3. The rewritten incident report states that an officer conducted a cube search on December 9, 2023.[2] (Id. at 9). The officer "discovered one blue AT&T cell phone, 20 cigarettes[,] and one charger" in a hidden compartment inside a locker. (Id.). The officer identified the secure locker as belonging to Petitioner "by his mail letters." (Id.). Petitioner was provided a copy of the rewritten incident report on December 12, 2023, at 12:20 p.m. (Id. at 31, 33.) A BOP lieutenant subsequently investigated the charge and interviewed Petitioner as part of the investigation. (Id. at 11). Petitioner declined to make a statement. (Id.). The investigator then referred the matter to the Unit Discipline Committee (the "UDC") for further action. (Id.).

The UDC conducted an informal hearing on December 13, 2023, where Petitioner again declined to make any comments. (Id. at 10). Due to the severity of the charges, the UDC determined that the matter should be referred to the Discipline Hearing Officer ("DHO") for a formal hearing. (Id.). That same day, on December 13, 2023, Petitioner was provided with both a Notice of Disciplinary Hearing and a form entitled titled, "*Inmate Rights at Discipline Hearing*," which advised of his rights throughout the disciplinary process. (Id. at 13, 15). The forms advised Petitioner of his rights throughout the disciplinary process, including,

---

[2] The initial incident report, dated December 9, 2023, states that a BOP officer discovered the phone, cigarettes, and charger in a hidden compartment in a cell assigned to Petitioner and another inmate. (Doc. 7-1 at 27). The initial incident report was not delivered to Petitioner. (Id.). Petitioner, however, received a copy of the re-written incident report on December 12, 2023, more than 24 hours before his DHO hearing on December 14, 2023. (Doc. 7-1 at 9).

among other things, his opportunity to request a staff representative to assist him with the hearing and to call witnesses to testify on his behalf. Petitioner declined a staff representative but indicated that he wished to call another inmate to testify as follows: "Lockers were moved and there was friction at the time because certain inmat[es] wanted their lockers back, and [the] locker did not belong to me. It was there the whole time and I did not know about a secret compartment on the locker." (Id. at 13).

At a hearing before the DHO on December 14, 2023, Petitioner denied the charge and provided a written statement contending he did not know the locker had a hidden compartment. (Id. at 17, 24–25). At the commencement of the hearing, the DHO again advised Petitioner of his due process rights and Petitioner conveyed that he did not want a staff representative to appear with him but did wish to call a witness. (Id. at 18). Petitioner's witness, another inmate, submitted a written statement to be used in lieu of testimony. (Id. at 19). The statement provided: "Locker were put back in rooms that they did not belong. This was back in July. I have no other info on subject." (Id. at 23).

The DHO found the greater weight of the evidence supported the finding that Petitioner committed the prohibited act of possession of a cellular phone, in violation of Code 113. (Id. at 19). As a result, the DHO sanctioned Petitioner with disciplinary segregation, loss of telephone and visitation privileges, impoundment of personal property, and 41 days of lost good conduct time. (Id. at 20). Petitioner was provided a copy of the DHO report on December 21, 2023. (Id.).

Petitioner asserts he was denied due process during the disciplinary proceedings when (a) he did not receive a copy of the disciplinary incident report within 24 hours of the disciplinary hearing and (b) staff failed to quash the incident report because the contraband was found in a common area.   (Doc. 1 at 6).

Respondent contends that Petitioner received all due process required during the disciplinary process and proceedings.   (Doc. 7 at 5–10).   Respondent asserts that the records refute Petitioner's contention that he was not served a copy of the incident report 24 hours prior to the DHO hearing and his suggestion that the officer recanted her statement regarding the incident.   (Id. at 9).

Petitioner's projected release date is August 5, 2032.   See Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Oct. 9, 2025).

## ANALYSIS

Prison disciplinary proceedings are not part of a criminal prosecution.   Thus, the full panoply of rights that are due to a defendant in a criminal proceeding do not apply.   See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).   However, inmates are entitled to some due process protections.   Id.   Those protections include: (1) written notice of the charges at least 24 hours before a hearing to enable the inmate to prepare a defense; (2) an opportunity to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety; and (3) a written explanation of the evidence relied on and reasons for disciplinary actions.   Id. at 564–66.   But an inmate does not have a right to confront or cross-examine witnesses, or a right to counsel.   Id. at 567, 570.   Further, disciplinary decisions comport with the requirements of procedural due process when there is "some

evidence" to support the disciplinary decision by the fact finder. Superintendent, Mass. Corr. Institution v. Hill, 472 U.S. 445, 455 (1985). Here, Petitioner was provided written notice of the charge and the hearing, a detailed enumeration of his various rights throughout the disciplinary proceedings, was given the opportunity to call witnesses and present evidence, and was provided with a written finding of fact explaining the basis for the DHO's determination. (Doc. 7-1 at 9–11, 13, 15, 17–20)

Based on the foregoing, the Court finds that Petitioner was afforded a fair hearing and received the appropriate due process protections. To the extent Petitioner asserts he was not provided a copy of the *original* incident report within 24 hours of the incident in violation of BOP policy (Doc. 1 at 6–7), his argument fails. Wolff requires written notice of the charges 24 hours *before the hearing*. 418 U.S. at 564. Petitioner received a copy of the re-written incident report on December 12, 2023, more than 24 hours before his DHO hearing on December 14, 2023. (Doc. 7-1 at 9). That the BOP did not adhere to its regulations is not a due process violation. See Le v. Augustine, No. 5:12-cv-377, 2013 WL 2250142, at *7 (N.D. Fla. May 22, 2013) ("A claim that the BOP violated its own Program Statements, when the Program Statements were not mandated by statute or the constitution, does not constitute a violation of federal law; therefore, it cannot be sustained in a habeas petition."). In any event, the applicable regulation provides that an inmate will "will *ordinarily* receive the incident report within 24 hours of staff becoming aware of your involvement in the incident." 28 C.F.R. § 541.5 (emphasis added). Thus, it is not a requirement that an inmate receive the

incident report within 24 hours. See Bell v. Wolfish, 441 U.S. 520, 547 (1979) ("Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

Petitioner's contention that the staff member changed the incident report is also belied by the record. The initial incident report, dated December 9, 2023, states that the contraband was found in a hidden compartment in one of the unsecured lockers inside the cube to which Petitioner and another inmate were assigned. (Doc. 7-1 at 27). The re-written incident report merely adds that the compartment was identified as belonging to Petitioner by mail contained within the locker. (Id. at 20).

In addition to the fact that Petitioner received due process as required pursuant to Wolff, the DHO report clearly shows that there was sufficient evidence to support the decision. (Id. at 17–25). Determining whether there is "some evidence" in the record to support a disciplinary charge does not "require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence," but merely assessment of whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (quoting Hill, 472 U.S. at 454–56).

Despite Petitioner's denial of the charge, the DHO based the decision on the staff member's account of the incident as presented in the body of the incident

report and the photograph of the contraband. (Doc. 7-1 at 18–19). The DHO considered Petitioner's written statement that he did not know the locker had a hidden compartment. (Id. at 19). The DHO also considered the written statement of Petitioner's witness. (Id.) However, the DHO found that Petitioner failed to provide any evidence regarding his innocence and that the witness statement confirmed Petitioner had been assigned the locker for six months. (Id.) As such, the Court finds that there is "some evidence" to support the DHO's conclusion. Petitioner is not entitled to a retrial of the facts underlying his disciplinary sanctions, or to a de novo review of the DHO's factual findings. "'The federal courts cannot assume the task of retrying all prison disciplinary disputes.'" See Young v. Jones, 37 F.3d 1457, 1460 (11th Cir. 1994) (quoting Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981)).[3]

## CONCLUSION

Petitioner received the process due to him in his disciplinary proceedings, and the decision of the DHO is supported by the requisite evidence.

Based on the foregoing, it is now

**ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending

---

[3] The Court has carefully reviewed the record and determines that no evidentiary proceedings are warranted. Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Petitioner does not proffer any evidence that would necessitate an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360, 1362–63 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474.

motions as moot, terminate any deadlines, and close this file.

**DONE AND ORDERED** in Tampa, Florida this 29th day of October 2025.

*[Signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA:   OCAP-2
Copies: All Parties of Record